UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY

CASE NO.: 19-60636-CIV-BLOOM/VALLE

AMERICAN MARINE TECH., INC.,

        Plaintiff,

vs.

M/Y ALCHEMIST, a 1995 105' Mangusta
recreational vessel, her boats, engines, generators,
tackle, rigging, apparel, furniture, furnishings,
equipment, contents and appurtenances, etc., *in rem*;
and WORLD GROUP YACHTING, INC., *in personam*,

        Defendants.

_____/

**PLAINTIFF, AMERICAN MARINE TECH., INC.'S MOTION TO DISMISS COUNTS I
AND III OF DEFENDANTS' COUNTERCLAIM FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED**

        Plaintiff, AMERICAN MARINE TECH., INC. (hereinafter referred to as "AMT"), by

and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7.1,

hereby files this, its Motion to Dismiss Counts I and III of Defendants, M/Y ALCHEMIST's and

its owner, WORLD GROUP YACHTING, INC.'s (hereinafter referred to as "WGY")

Counterclaim for negligence and unjust enrichment against AMT (D.E. 41) for Failure to State a

Claim Upon Which Relief Can Be Granted, and states:

        1.      This action arises from AMT's enforcement of its maritime lien for necessaries

against M/Y ALCHEMIST, and M/Y ALCHEMIST's and WGY's breach of a maritime contract

based on Defendants' failure to compensate AMT approximately $55,645.20 for materials and

labor provided for the total engine repower of M/Y ALCHEMIST from Dentz engines to 2 MTU 2000 V-16 M91 engines using engines supplied by the owner. (D.E. 1.)

2.      The underlying agreement between the parties is a Service Agreement executed on or about July 1, 2016.  (D.E. 1-1.)  Defendant admits that "Plaintiff, AMT, entered into a written contract, the Service Agreement [D.E. 1-1], with the vessel owner, WORLD GROUP YACHTING, INC. through GARY BLONDER, who signed the agreement on behalf of YACHT CHARTER GROUP, the authorized representative of the M/Y ALCHEMIST and her owner, to perform repairs and service, including an engine repower to the M/Y ALCHEMIST."  (D.E. 41 ¶ 50.)  Further, YACHT CHARTER GROUP is a registered fictitious name of Defendant vessel owner WGY with the Florida Division of Corporations.  (Comp. Ex. 1.)  Thus, it is admitted and established that AMT and WGY are parties to the agreement, in contractual privity.

3.      After the vessel was arrested and substitute security posted, Defendants, on July 1, 2019, filed their Amended Answer and Counterclaim (D.E. 41), alleging negligence as its Count I and unjust enrichment as its Count III against AMT.

4.      Defendants' negligence claim fails and must be dismissed under the maritime Economic Loss Rule since the purported negligent conduct by AMT regarding work to repower the M/Y ALCHEMIST with new engines and alleged deficiencies are within the scope of a written agreement between the parties.

5.      In addition to the aforementioned admitted Service Agreement (D.E. 1-1), Defendants' also allege the existence of a written agreement between the parties, the July 1, 2016 agreement "for AMT to perform certain work related to installing engines onboard the Vessel" and even attach a purported copy of the agreement as part of its Counterclaims for negligence and unjust enrichment,.  (Counterclaim, D.E. 41 ¶¶ 4-13, 20; "July 1, 2016 Agreement", D.E. 41-

1.)  The July 1, 2016 Agreement alleged by Defendants (D.E. 41-1) is the same or substantially similar agreement alleged by Plaintiff (D.E. 1-1) but Defendants omitted the third page containing terms and conditions, including an attorneys' fee provision (D.E. 1-1 at 3).

6.      The basis for Defendants' negligence claim is "in the performance of that work on the Vessel" that is the subject of the July 1, 2016 Agreement between the parties.  (Counterclaim, D.E. 41 ¶ 15; "July 1, 2016 Agreement", D.E. 41-1.)

7.      Additionally, Defendants have only alleged economic damages with respect to the M/Y ALCHEMIST's engines and related parts worked on by AMT pursuant to the "July 1, 2016 Agreement" (D.E. 41-1)  and no physical injuries.

8.      Defendants' claim for unjust enrichment fails and must be dismissed since the claim alleges the existence of a written contract between the parties concerning the same subject matter.  *JI-EE Indus. Co., Ltd. v. Paragon Metals, Inc.*, No. 09-81590-CIV, 2010 U.S. Dist. LEXIS 27098, at *3 (S.D. Fla. Mar. 23, 2010).

9.      Therefore, Counts I and III of Defendants' Counterclaim against AMT (D.E. 41) must be dismissed.

## MEMORANDUM OF LAW

Count I and III of Defendants' Counterclaim against AMT for unjust enrichment (D.E. 41) must be dismissed for failure to state for a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  Count I for negligence must be dismissed under the maritime Economic Loss Rule since the basis for liability arises from a contract. *E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 106 S. Ct. 2295, 90 L. Ed. 2d 865 (1986)).  Count III for unjust enrichment must be dismissed since the claim alleges the existence of a written agreement between the parties covering the same transaction and subject matter in dispute and the equitable

claim is therefore barred.  *JI-EE Indus. Co., Ltd. v. Paragon Metals, Inc.*, No. 09-81590-CIV, 2010 U.S. Dist. LEXIS 27098, at 3 (S.D. Fla. Mar. 23, 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted)..  As stated herein, Counts I and III fail to state claims are barred under established law and must be dismissed.

## I.   FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED: COUNT I – NEGLIGENCE

Count I for negligence must be dismissed under the maritime Economic Loss Rule since the basis for liability arises from a contract.  The court in *R/V Beacon, LLC v. Underwater Archeology & Expl. CORP*. summarized the maritime Economic Loss Rule:

> Although the Florida Supreme Court has recently limited the application of the economic loss rule to products liability cases, see *Tiara Condo Ass'n, Inc. v. Marsh & McLennan Companies, Inc*., 110 So. 3d 399 (Fla. 2013), no such limitation has been imposed in cases governed by maritime law. Generally, in admiralty, "a party may not recover for economic losses not associated with physical injury." *Kingston Shipping Co. v. State of Florida*, 667 F.2d 34, 35 (11th Cir. 1982). Stated differently, the maritime economic loss rule "provides that a tort action may not lie where the basis for liability arises from a contract." *St. Clair Marine Salvage, Inc. v. M/Y BLUE MARLIN*, 2014 U.S. Dist. LEXIS 75164, 2014 WL 2480587, at *4 (E.D. Mich. June 3, 2014) (citing *E. River S.S. Corp. v. Transamerica Delaval, Inc*., 476 U.S. 858, 106 S. Ct. 2295, 90 L. Ed. 2d 865 (1986)). The rule finds its origins in *East River S.S. Corp. v. Transamerica Delaval, Inc*., 476 U.S. 858, 106 S. Ct. 2295, 90 L. Ed. 2d 865 (1986), where the Supreme Court held that a "manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a

product from injuring itself." Id. at 871. Although this matter is distinguishable as Beacon does not seek damages for injury to a product, the maritime economic loss doctrine has been expanded to reach situations where a party is attempting to bring a breach of contract action couched as a tort claim. See *BVI Marine Constr. Ltd. v. ECS-Florida, LLC*, 2013 U.S. Dist. LEXIS 178883, 2013 WL 6768646, at *3-4 (S.D. Fla. Dec. 20, 2013). The Supreme Court's decision in *E. River S.S. Corp.* indirectly cautioned that claims sounding in tort but stemming a contractual dispute are often more appropriately remedied pursuant to the contractual relationship. See 476 U.S. at 874 ("Permitting recovery for all foreseeable claims for purely economic loss could make a manufacturer liable for vast sums."); see also *BVI Marine*, 2013 U.S. Dist. LEXIS 178883, 2013 WL 6768646, at *4 (citing *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303, 307-10, 48 S. Ct. 134, 72 L. Ed. 290 (1927)) (noting that "when an enforceable contract exists, it is preferable to resolve disputes on the basis of the contractual relationship"). Thus, a breach of contract claim framed as a tort will be prohibited by the rule.

No. 14-CIV-22131-BLOOM/Valle, 2014 U.S. Dist. LEXIS 139388, at *14-15 (S.D. Fla. Oct. 1, 2014).  Here, the Defendants have plead the existence of a written agreement between the parties concerning the same subject matter that is the basis of its negligence claim, the July 1, 2016 agreement "for AMT to perform certain work related to installing engines onboard the Vessel." (Counterclaim, D.E. 41 ¶¶ 4, 13.)

AMT and WGY are parties to the agreement, in contractual privity.  (D.E. 41 ¶ 50. Comp. Ex. 1.)  YACHT CHARTER GROUP is not a non-party, but is a registered fictitious name of Defendant vessel owner WGY with the Florida Division of Corporations.  (Comp. Ex. 1.)  Additionally, Defendants admitted and it is established that "Plaintiff, AMT, entered into a written contract, the Service Agreement [D.E. 1-1], with the vessel owner, WORLD GROUP YACHTING, INC. through GARY BLONDER, who signed the agreement on behalf of YACHT CHARTER GROUP, the authorized representative of the M/Y ALCHEMIST and her owner, to perform repairs and service, including an engine repower to the M/Y ALCHEMIST."  (D.E. 41 ¶ 50. Ex. 1.)  It is admitted and established that the Service Agreement [D.E. 1-1] is a maritime contract for the repair of a vessel.  (D.E. 41 ¶¶ 1, 33.  D.E. 1 ¶¶ 1, 32-33) *F.W.F., Inc. v. Detroit*

*Diesel Corp.,* 494 F.Supp.2d 1342, 1352 (S.D. Fla. 2007), aff'd, 308 Fed.Appx. 389 (11th Cir. 2009) (quoting *Alcoa S.S. Co. v. Charles Ferran & Co.,* 383 F.2d 46, 50 (5th Cir. 1967)).

Defendants' negligence claim is barred since AMT's alleged negligent conduct "in the performance of that work on the Vessel" is within the scope of the agreement between the parties. (Counterclaim, D.E. 41 ¶ 15.)   Defendants have plead AMT's alleged breach of various terms of the agreement as a basis for Defendants' negligence claim, including the underlying work, the alleged timeframe for performance, the estimated amount to be charged, requirements for signed authorizations, and have attached a purported copy of the agreement to its Counterclaim for negligence.   (Counterclaim, D.E. 41 ¶¶ 4-12, 13, 15; "July 1, 2016 Agreement", D.E. 41-1.)  Defendants are essentially arguing that AMT was "negligent" by not doing its contractually agreed work properly within the contractually agreed timeframe, and did not follow contractually agreed terms regarding invoicing and payment.  The alleged negligent conduct by AMT is merely a purported breach of its contractual obligations under the July 1, 2016 Agreement, within the scope of the agreement.  As in *BVI Marine Constr. Ltd. v. ECS-Florida, LLC*, the claim brought by parties in contractual privity has been improperly cast as a tort, which is prohibited under the maritime Economic Loss Rule.  2013 U.S. Dist. LEXIS 178883, at *13.

Additionally, there is no allegation of bodily injury and Defendants' losses are purely economic, based on AMT's alleged negligence "in the performance of that work on the Vessel." (Counterclaim, D.E. 41 ¶ 15.)  Absent bodily injury or damage to property - other than property protected by the contract in question — tort claims are unavailable to recover for economic loss. *Tai-Pan, Inc. v. Keith Marine, Inc.*, No. 95-338-Civ-J-20, 1997 U.S. Dist. LEXIS 24521, at 24 (M.D. Fla. May 13, 1997).  The only alleged damage is with respect to the M/Y ALCHEMIST's

engines and related parts worked on by AMT pursuant to the "July 1, 2016 Agreement." (D.E. 41-1.)  There is no allegation of bodily injury or damage to property other than the property worked on by AMT pursuant to the parties' agreement – the vessel and her engines.  Therefore, Defendants' counterclaim for negligence must be dismissed with prejudice.

## II.    FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED: COUNT III - UNJUST ENRICHMENT

Count III of Defendants' Counterclaim against AMT for unjust enrichment (D.E. 41) must be dismissed since the claim alleges the existence of a written agreement between the parties covering the same transaction and subject matter in dispute.  Although admiralty jurisdiction has been invoked, Florida law should apply to the unjust enrichment claim to "fill the gap" since there is no maritime rule with respect to quasi-contract claims.  *Byte, Inc. v. Hudson Marine Mgmt. Servs., Inc.*, 565 F.3d 1293, 1301 (11th Cir. 2009).  *BVI Marine Constr. Ltd. v. ECS-Florida, LLC*, No. 12-80225-CIV-MARRA, 2013 U.S. Dist. LEXIS 178883, at 14 (S.D. Fla. Dec. 20, 2013).  The elements of a claim for unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof.  *Gary v. D. Agustini & Asociados, S.A.,* 865 F. Supp. 818, 827 (S.D. Fla. 1994) (citing *Henry M. Butler, Inc. v. Trizec Properties, Inc.,* 524 So. 2d 710, 712 (Fla. 2d DCA 1988)).  "The theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy." *Gary v. D. Agustini & Asociados, S.A.,* 865 F. Supp. 818, 827 (S.D. Fla. 1994) (granting dismissal of claim for unjust enrichment based on allegations of the existence of a contractual remedy) (citing *Bowleg v. Bowe*, 502 So. 2d 71, 72 (Fla. 3d DCA 1987).  There can be no quasi-contract claim for unjust enrichment when there is an express contract between the parties

concerning the same subject matter.  *JI-EE Indus. Co., Ltd. v. Paragon Metals, Inc.*, No. 09-81590-CIV, 2010 U.S. Dist. LEXIS 27098, at 3 (S.D. Fla. Mar. 23, 2010).  *Ocean Commc'ns, Inc. v. Bubeck*, 956 So. 2d 1222, 1225 (Fla. 4th DCA 2007).  *See Moynet v. Courtois,* 8 So. 3d 377, 379 (Fla. 3d DCA 2009); *Diamond "S" Development Corp. v. Mercantile Bank,* 989 So. 2d 696, 697 (Fla. 1ˢᵗ DCA 2008).  "Clearly, then, a complaint cannot allege an express agreement in a claim for unjust enrichment or promissory estoppel."  *JI-EE Indus. Co., Ltd.,* 2010 U.S. Dist. LEXIS 27098, at 3 (granting dismissal of counts for unjust enrichment and promissory estoppel based on allegations of the existence of a written contract between the parties as part of those claims).

Here, as part of its claim under Count III for Unjust Enrichment, Defendants have plead the existence of a written agreement between the parties concerning the same subject matter that is the basis of its claim, the July 1, 2016 agreement "for AMT to perform certain work related to installing engines onboard the Vessel." (Counterclaim, D.E. 41 ¶¶ 4, 20.)  Defendants have even plead AMT's alleged breach of various terms of the agreement as part of Defendants' unjust enrichment claim, including the alleged timeframe for performance, the estimated amount to be charged, requirements for signed authorizations, and have attached a copy of the agreement to its Counterclaim for unjust enrichment.   (Counterclaim, D.E. 41 ¶¶ 4-12, 20; "July 1, 2016 Agreement", D.E. 41-1.)  Defendants' specifically allege as a basis for its unjust enrichment claim that AMT "billed more than the amount **agreed**." (Emphasis added.  Counterclaim, D.E. 41 ¶ 24.)  The equitable unjust enrichment claim was made not just with a controlling written agreement, but premised on the purported breach of same.

Defendants are not permitted to ignore the purported governing agreement between the parties, as plead, and instead make an equitable claim for unjust enrichment.  As stated by the

Court in *Gary v. D. Agustini & Asociados, S.A.,* the allegations brought by Defendants "pay lip service, but do not satisfy, the requisite elements for an unjust enrichment claim" since the benefit which Defendants claim to have conferred on AMT is nothing more than Defendants' performance of its promise to pay under the express agreement between the parties. 865 F. Supp. at 827. Thus, Defendants' claim for unjust enrichment cannot stand where an express contract exists and has been plead as part of the claim, and the claim must be dismissed.

## CONCLUSION

Based on the foregoing, Count I for Negligence and Count III for Unjust Enrichment of the Counterclaims contained in Amended Answer and Counterclaim (D.E. 41) against AMT are barred and must be dismissed.

**WHEREFORE,** the Plaintiff, AMERICAN MARINE TECH., INC., seeks an Order of this Honorable Court dismissing Count I for Negligence and Count III for Unjust Enrichment of the Counterclaims contained in Amended Answer and Counterclaim (D.E. 41) against AMERICAN MARINE TECH., INC., with prejudice, and awarding AMERICAN MARINE TECH., INC. pre and post-judgment interest; and attorneys' fees and costs pursuant to the Service Agreement (D.E. 1-1) in its favor and against Defendants, M/Y ALCHEMIST, through its owner, WORLD GROUP YACHTING, INC. in this action; and for such other and further relief that this Honorable Court deems just and proper.

Dated this 11<u>th</u> day of July, 2019 at Broward County, Florida.

Respectfully Submitted,

FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
Phone:  (954) 763-5020
Fax:      (954) 763-5412
*Attorneys for Plaintiff, AMERICAN MARINE*
*TECH., INC.*

By:  /s Alexander P. Koffler
ALEXANDER P. KOFFLER, ESQ.
Florida Bar No.: 41301
Email: apk@fertig.com

and

By:  /s Christopher R. Fertig
CHRISTOPHER R. FERTIG, ESQ.
Florida Bar No.: 218421
Email: crf@fertig.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 11th day of July, 2019 on all counsel or parties of record on the Service List below in the manner specified.

By:  /s Alexander P. Koffler
ALEXANDER P. KOFFLER, ESQ.

## SERVICE LIST

| | |
|---|---|
| Christopher R. Fertig, Esq.<br>Email: crf@fertig.com<br>Alexander P. Koffler, Esq.<br>Email: apk@fertig.com<br>FERTIG & GRAMLING<br>200 Southeast 13th Street<br>Fort Lauderdale, FL 33316<br>Telephone: 954-763-5020<br>Facsimile: 954-763-5412<br>*Attorneys for Plaintiff, AMERICAN MARINE*<br>*TECH., INC.* | Clay M. Naughton<br>Email: cnaughton@moore-and-co.com<br>Moore & Company, P.A.<br>255 Aragon Ave 3rd Floor<br>Coral Gables, FL 33134<br>Telephone: (786) 221-0600<br>Facsimile: (786) 221-0601<br>*Counsel for Defendants, M/Y ALCHEMIST*<br>*AND WORLD GROUP YACHTING, INC.*<br>Delivery via Notices of Electronic Filing<br>generated by CM/ECF |