UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-60636-SINGHAL/VALLE

AMERICAN MARINE TECH, INC.,

    Plaintiff,

v.

M/Y ALCHEMIST, a 1995 105' Mangusta recreational vessel, her boats, engines, generators, tackle, rigging, apparel, furniture, furnishings, equipment, contents and appurtenances, etc., *in rem*; and WORLD GROUP YACHTING, INC., *in personam*,

    Defendants.

_____

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

This cause comes before the Court upon Plaintiff's: (i) Motion to Tax Costs (ECF No. 169); (ii) Motion for Attorneys' Fees, Pre and Post Judgment Interest (ECF No. 176); and (iii) Motion for Appellate Attorneys' Fees and to Transfer Consideration to District Court (ECF No. 184, 185) (together, the "Motions"). United States District Judge Raag Singhal has referred the Motions to the undersigned for a report and recommendation. (ECF Nos. 173, 187).

Having reviewed the Motions, Defendants' Responses (ECF Nos. 172, 184, 189), Plaintiff's Replies (ECF Nos. 175, 184, 190), and being otherwise fully advised in the matter, the undersigned recommends that Plaintiff's: (i) Motion to Tax Costs be **GRANTED IN PART**; (ii) Motion for Attorneys' Fees, Pre and Post Judgment Interest be **GRANTED**; and (iii) Motion for Appellate Attorneys' Fees be **GRANTED** as set forth below.

## I.   BACKGROUND

**A. Trial and Appellate Proceedings**

The history of this litigation has been summarized in prior Orders of the District Court and the Eleventh Circuit, which are incorporated by reference. *See, e.g.*, (ECF No. 167) (District Court's Findings of Fact and Conclusions of Law Following Non-Jury Trial); (ECF No. 183) (Eleventh Circuit opinion affirming the District Court's Final Judgment). In a nutshell, this is a breach of contract case filed by Plaintiff American Marine Tech., Inc. ("American Marine") against Defendants M/Y Alchemist (the "Vessel") and her owner, World Group Yachting, Inc. ("World Group Yachting") (together, "Defendants"). *See generally*, (ECF Nos. 103, 183 at 5). American Marine performed engine work on the Vessel and invoiced Defendants approximately $167,000 in costs. (ECF No. 183 at 5). More than two years later, $55,645.20 of the invoiced amount remained unpaid and American Marine filed suit against Defendants, asserting claims for: (i) enforcement of lien for necessaries provided pursuant to a maritime contract against the Vessel (Count I); and (ii) breach of a maritime contract against Defendants (Counts II and III). *See generally*, (ECF Nos. 1, 103, 167).

The District Court held a 4-day bench trial and ruled in favor of American Marine on all counts. *See* (ECF No. 167 at 25). In its ruling, the District Court concluded that a valid and enforceable contract existed between American Marine and World Group Yachting and that World Group Yachting had breached the contract by failing to pay the outstanding balance. *See* (ECF Nos. 167 at 25, 183 at 5). In relevant part, the Court also noted that:

> [t]he parties are sophisticated business entities which admit to having read, negotiated, and modified the contract over the course of several weeks of discussion. Here, [American Marine's] intent to incorporate the Service Contract is clear from its inclusion in communications during negotiations for the engine repower. Defendant's decision to omit the Service Contract when returning the

>Agreement with handwritten amendment and signature does not mean it was not incorporated by reference vis-à-vis the work order number 3368-R4.

(ECF No. 167 at 17-18). Also relevant to the instant Motions is the provision in the Service Contract (Trial Exhibit 29), providing that:

>[i]f litigation is required and this account is placed with an attorney the owner of the vessel/company will be responsible for any additional fees, such as: collection fees, attorney's fees, interest, court costs, pre and post judgment fees, substitute custodian fees, marshal's fees, and any and all fees associated with the collection of the balance on this account plus any and all applicable finance charges.

(ECF No. 156-23 at 9); *see also* (ECF No. 103-1 at 4).

Defendants appealed the District Court's Final Judgment in favor of American Marine. The Eleventh Circuit affirmed on all grounds. *See generally*, (ECF No. 183). In affirming, the Appellate Court noted that "there is no error in concluding that the parties' scope of agreement transcended the signed cost estimate. [World Group Yachting's] failure to pay the outstanding balance long after [the Vessel] resumed operationality constituted material breach; [American Marine] is entitled to recover damages for breach of contract." (ECF No. 183 at 12). The instant Motions—two of which the District Court deemed timely filed after Final Judgment—were terminated pending the appeal and were reinstated upon the Eleventh Circuit's affirmance. (ECF Nos. 177, 186).

### B. The Motions Seek Attorneys' Fees, Interest, and Costs

American Marine has filed three separate Motions for fees, interest, and costs. First, in its Motion for Attorneys' Fees incurred before the District Court (ECF No. 176), American Marine seeks: (i) $7,362 in attorneys' fees paid to the law firm of Fertig and Gramling, initial counsel in the case under an hourly retainer agreement; (ii) attorneys' fees incurred under a contingency agreement by Fertig and Gramling ($96,592.50) and by the law firm Cullin O'Brien Law, P.A ("Cullin O'Brien") ($26,288.50), a solo practitioner, who joined the case as trial counsel,

(ECF Nos. 176 at 11, 17), totaling $130,243 in attorneys' fees incurred before the District Court; (iii) $34,439.04 in contractual prejudgment interest against World Group Yachting; (iv) $8,490.18 in prejudgment against the Vessel; and (v) post judgment interest against both Defendants. (ECF Nos. 176 at 3-4, 190 at 8).

Next, in its Motion for Appellate Attorneys' Fees (ECF Nos. 184, 185), American Marine seeks $51,860 in appellate attorneys' fees against World Group Yachting, consisting of: (i) $32,522.50 for fees incurred by Fertig and Gramling; and (ii) $19,337.50 for fees incurred by Cullin O'Brien. (ECF No. 184 at 25).

Lastly, in its Motion to Tax Costs (ECF No. 169), American Marine seeks $11,431.41 in costs pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920. (ECF No. 169 at 2, 4).

Defendants separately object to the Motions asserting similar grounds. *See generally* (ECF Nos. 172, 184 at 100-08, 189). Each motion is discussed below.

## II.     DISCUSSION

### A.     American Marine is Entitled to Attorneys' Fees

Under the "American Rule," litigants generally are not entitled to an award of attorneys' fees for prevailing in litigation unless provided by statute or contract. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) (citations omitted); *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). Consistent with this rule, unless there is an exception, attorneys' fees are generally not awarded in admiralty cases. *Natco Ltd. P'ship v. Moran Towing of Fla., Inc.*, 267 F.3d 1190, 1193 (11th Cir. 2001); *Ins. Co. of N. Am. v. M/V Ocean Lynx*, 901 F.2d 934, 941 (11th Cir. 1990); *Offshore Marine Towing, Inc. v. MR23*, 412 F.3d 1254, 1256 (11th Cir. 2005). Here, both the District Court and the Eleventh Circuit found the Service Contract to be a valid and

enforceable contract between American Marine and World Group Yachting. *See* (ECF Nos. 167 at 25, 183 at 12). The contract provides that "[i]f litigation is required . . . the owner of the vessel/company will be responsible for any additional fees, such as: collection fees, attorney's fees, interest, court costs, pre and post judgment fees, substitute custodian fees, marshal's fees, and any and all fees associated with the collection of the balance on this account plus any and all applicable finance charges." (ECF No. 156-23 at 9); *see also* (ECF No. 103-1 at 4).

In summary fashion and without reference to any supportive case law, Defendants argue that the attorneys' fee provision in the Service Contract does not apply to the claims in this case. *See generally* (ECF No. 189); *see also* (ECF No. 184 at 100-08). Defendants assert that the provision is not "clear and unambiguous" and is related to "collection on an unidentified 'account.'" (ECF No. 189 at 1, 2). Defendants echoes arguments that they made unsuccessfully before the Eleventh Circuit. *See, e.g.*, (ECF No. 183 at 9-10) (affirming the District Court on the scope of the Service Contract). Based on the record and the language of the Service Contract, the undersigned is unpersuaded by Defendants' objections.

The Eleventh Circuit clearly summarized this action as a "breach of contract case." (ECF No. 183 at 5). The contract at issue is the Service Contract, which contains the relevant attorneys' fees and costs provision. American Marine prevailed on all counts. (ECF No. 167 at 25). Accordingly, as the prevailing party in the breach of contract claim under the Service Contract, American Marine is entitled to an award of attorneys' fees and costs against World Group Yachting. *See, e.g., Natco Ltd. P'ship.,* 267 F.3d at 1197 (affirming district court award of attorneys' fees under maritime indemnity agreement); *RSDC Holdings, LLC v. M.G. Mayer Yacht Servs., Inc.*, 429 F. Supp. 3d 238, 242 (E.D. La. 2019) (granting an award of attorneys' fees, costs, and interest pursuant to maritime contract providing that costs of collection would be charged

against the vessel and/or owner); *Bow to Stern Maint., Inc. v. Jackson*, No. 05-CV-21692, 2007 U.S. Dist. LEXIS 104684, at *6-8 (S.D. Fla. Apr. 18, 2007) (finding a contractual right to attorneys' fees/costs under provision that allowed for reimbursement of legal expenses and costs associated with collection of unpaid invoices); *Cross Equip., Ltd. v. Hyundai Merch. Marine (Am.) Inc.*, No. CIV. A. 97-2569, 1999 WL 169433, at *1, *5 (E.D. La. Mar. 25, 1999) (awarding attorney's fees incurred in prosecuting action to collect charges under bill of lading).

### B. Motion for Attorneys' Fees, Pre and Post Judgment Interest

Having determined that American Marine is entitled to attorneys' fees and costs under the Service Contract, the undersigned next addresses whether the requested fees are reasonable. In assessing the reasonableness of a request for attorneys' fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also RSDC Holdings*, 429 F. Supp. 3d at 243 (using lodestar analysis to review fee request in a case involving a maritime contract). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When a request for attorneys' fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours

with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing fee request with across-the-board cut for billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 837 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id*. Additionally, the court may use its own expertise to fashion a pragmatic and reasonable remedy as "a request for attorney's fees should not result in a second major litigation." *Taylor Newman Cabinetry*, 436 F. App'x 888, 895 (11th Cir. 2011) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

    1. *Attorneys' Fees Incurred by Fertig and Gramling and Cullin O'Brien before District Court*

American Marine seeks $130,243 in attorneys' fees against World Group Yachting based on hours expended by attorneys from two law firms (Fertig and Gramling, and Cullin O'Brien), for more than two years of litigation before the District Court, culminating in a 4-day bench trial, with Final Judgment on all counts entered in favor of American Marine. *See generally* (ECF No. 176 at 3-4); *see also* (ECF Nos. 176-1, 176-2) (Declarations of Alexander Koffler and Cullin O'Brien in Support of Application for Award of Attorneys' Fees and Expenses).

Fertig and Gramling was initially retained in approximately February 2019, under an hourly retainer agreement. *See* (ECF No. 176-1 ¶¶ 6-7). The hours expended by Fertig and Gramling were by attorneys Alexander Koffler, Christopher Fertig, and Darlene Lidondici, with respective hourly rates of $295, $350, and $350. *Id.* ¶¶ 8-10. Fertig and Gramling incurred $7,362 in fees under the hourly retention. *Id.* ¶ 11. Starting in April 2019, however, Fertig and Gramling agreed to continue representing American Marine on a contingency basis, providing the law firm

with "the greater of court awarded attorneys' fees in this case or 25% of the gross recovery." *Id.* ¶ 20. Under the revised contingency retention, the hourly rate of attorney Koffler was reduced to $275, while the rate for attorney Lidondici remained at $350. *Id.* ¶ 29. Fertig and Gramling incurred an additional $96,592.50 under the contingency fee agreement. *Id.* ¶ 37.

In June 2020, Cullin O'Brien was retained to "try the case and be lead trial counsel." (ECF Nos. 176 at 17, 176-1 ¶ 4). Fertig and Gramling paid attorney O'Brien $5,000, which is the only compensation related to this case that he has received to date. (ECF Nos. 176 at 17, 176-2 ¶ 5). According to his declaration, Attorney O'Brien has expended 75.11 hours, at $350/hr., resulting in $26,288.50 in fees. (ECF Nos. 176 at 17, 176-2 ¶ 7).

For ease of reference, below is a summary of the individual attorneys, their experience, and requested hourly rates.

| TIMEKEEPER | EXPERIENCE/POSITION (ECF Nos. 176-1 ¶¶ 8-10, 176-2 ¶¶ 2, 8) | HOURLY RATE |
| --- | --- | --- |
| Christopher Fertig | 45+ years – founding partner Fertig and Gramling | $350 (discounted from $500/hr) |
| Alexander Koffler | 13+ years – maritime associate Fertig and Gramling | $295 $275 (contingency rate) |
| Darlene Lidondici | 36+ years – partner Fertig and Gramling | $350 (discounted from $500/hr) |
| Cullin O'Brien | 20 years – trial counsel; solo practitioner Cullin O'Brien | $350 |

Defendants summarily object to the requested attorneys' fees as "duplicative attorney work" and requests that "any attorney fee award in this case be limited to reasonable billing for one law firm." (ECF No. 189 at 2-3). For the reasons set forth below, the undersigned rejects Defendants' argument.

First, Defendants' objection is procedurally deficient as it fails to comply with Local Rule 7.3. In relevant part, Rule 7.3 requires that a nonmoving party "describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of

entitlement and amount, and shall provide supporting legal authority." S.D. Fla. L.R. 7.3(a). Here, Defendants do not identify any potentially offensive time entries and only summarily argue against the fees incurred. Accordingly, Defendants' conclusory objection can be overruled on that basis alone. *See, e.g., Perez v. Praetorian Ins. Co.*, No. 16-CV-23817, 2019 WL 2255578, at *5 (S.D. Fla. Feb. 26, 2019) ("any objections to defense counsel's time entries would have been waived because Local Rule 7.3's requirements are mandatory, not optional"); *Taverna Imps. v. A&M Wine & Spirits*, No. 15-CV-24198, 2019 WL 12446711, at *10 n.10 (S.D. Fla. Oct. 2, 2019) (finding nonmoving party violated Local Rule 7.3(a) requirement to "describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and [to] provide supporting legal authority" and concluding that he had waived the objections).

Defendants' objection also fails on the merits. Pursuant to the legal authority cited above and based on an independent review of the record, the billing records attached to the motion (ECF Nos. 176-1 at 15-68, 176-2 at 11-13), and drawing upon the Court's own knowledge and expertise, the undersigned finds that the hourly rates for counsel to American Marine and the time spent are reasonable. As noted in the chart above, the attorneys in the case have decades of experience handling complex/maritime litigation. *See* (ECF Nos. 176-1 at 3, 176-2 at 3-5). Counsel has also already reduced their usual hourly rate at the commencement of the case in consideration of the initial amount in controversy. (ECF No. 176-1 at 4). Additionally, there is nothing inherently unreasonable about a client having multiple attorneys and a reduction of hours is unwarranted unless the attorneys are unreasonably doing the same work. *Barnes*, 168 F.3d at 432 (citation omitted). Here, the time spent by the two firms is reasonable in that it reflects the distinct contribution of counsel as the case progressed from initial stages through trial, which is

also consistent with the customary practice of multiple-lawyer litigation. Further, the billing records reflect reasonable hours expended with no need for reduction for billing inefficiencies or otherwise (e.g., block billing, redundancy/duplicative work, failure to detail tasks). Lastly, based upon the compelling declarations of counsel (ECF Nos. 176-1 at 2-9, 176-2 at 2-6) and the record in this case, it is evident that the extended litigation required counsel for American Marine to expend substantial time and effort attending depositions/inspections, filing briefs regarding, among other things, motions to dismiss the counterclaim, defending against motions for sanctions, exchanging expert disclosures, attending trial, and conducting all of the necessary preparation for the protracted proceedings. Accordingly, the time expended at the trial level was reasonable and American Marine should be awarded its requested attorneys' fees without reduction.

2. *Pre and Post Judgment Interest*

American Marine seeks pre and post judgment interest on the unpaid amount that commenced this litigation ($55,645.20), which was due on or before October 7, 2017. (ECF No. 176 at 4, 19). As noted above, interest is one of the items listed in the Service Agreement as collectable against the owner of the vessel, i.e., World Group Yachting. (ECF No. 156-23 at 9); *see also* (ECF No. 103-1 at 4). Although Defendants object to other portions of this motion, they have not challenged American Marine's request for pre/post judgment interest. *See generally* (ECF No. 189).

a. *Prejudgment Interest Against Each Defendant*

Prejudgment interest in an action for breach of contract is allowable from the date the debt is due. *Nat'l Fire Ins. Co. of Hartford v. Fortune Const. Co.*, 320 F.3d 1260, 1279 (11th Cir. 2003). "As a general rule, pre-judgment interest should be awarded in admiralty cases. Pre-judgment interest is not a penalty, but compensation to the plaintiff for the use of funds that were

rightfully his." *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1191-92 (11th Cir. 2009). A district court has discretion to deny prejudgment interest when there are "peculiar circumstances" that make it inequitable for the losing party to pay prejudgment interest. *Id.* This case has no peculiar circumstances that would prevent the award of prejudgment interest. Accordingly, American Marine is entitled to prejudgment interest on its outstanding invoices (totaling $55,645.20) against both Defendants, beginning October 8, 2017 (the date the debt was due) through March 16, 2021 (the date of Final Judgment).

Nevertheless, the calculation and amount of interest differs as to each Defendant. As to World Group Yachting, the prejudgment interest is determined by the Service Agreement, which permits the maximum interest rate allowed by law. *See* (ECF No. 156-23 at 9). The maximum rate of interest under Florida law is 18% per annum. *See* Fla. Stat. § 687.02. Accordingly, American Marine is entitled to prejudgment interest at 18% against World Group Yachting on $55,645.20 for 1,255 days, which equals $34,439.04. As to the Vessel, because there is no contractual interest rate, prejudgment interest is limited to the prime rate. *Sunderland Marine Mut. Ins. Co. v. Weeks Marine Const. Co.*, 338 F.3d 1276, 1280 (11th Cir. 2003). The average of the annual prime rate yields during the relevant period is 4.4375%. (ECF No. 176 at 20); *see also* https://fred.stlouisfed.org/series/DPRIME (last visited Sept. 9, 2022). Therefore, American Marine is entitled to prejudgment interest against the Vessel at 4.4375% on $55,645.20, for 1,255 days, which equals $8,490.18. (ECF No. 176 at 20).

b. *Post Judgment Interest Against Both Defendants*

American Marine obtained Final Judgment against both Defendants. (ECF No. 168). Thus, it is entitled to post judgment interest against both Defendants at ". . . a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors

of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment." 28 U.S.C § 1961(a); *see also Lebron v. Royal Caribbean Cruises Ltd.*, No. 16-CV-24687, 2020 U.S. Dist. LEXIS 162162, at *9 (S.D Fla. Sep. 4, 2020). For the week of March 12, 2021 (the week of the Final Judgment), the rate of interest is .09%. Accordingly, American Marine is entitled to post judgment interest against both Defendants jointly and severally accruing from March 16, 2021, the date of the Final Judgment.

### C. Motion for Appellate Attorneys' Fees

Defendants appealed the Final Judgment to the Eleventh Circuit. The Eleventh Circuit affirmed the Final Judgment on all grounds. *See generally* (ECF No. 183). Having prevailed on appeal, American Marine subsequently sought to recover its appellate attorneys' fees before the appellate court, which transferred American Marine's request to the District Court. (ECF Nos. 184, 185).

In this motion, American Marine seeks $51,860 in appellate attorneys' fees against World Group Yachting, consisting of: (i) $32,522.50 in fees incurred by Fertig and Gramling, and (ii) $19,337.50 in fees incurred by Cullin O'Brien. (ECF No. 184 at 22, 24-25, 121). The fees are based on the same hourly rates for the fees incurred at the trial level. *See supra* Section II.B.1; *see also* (ECF No. 184 at 16 n.1) (noting same hourly rates). Defendants object to the request for appellate attorneys' fees with the same conclusory arguments they raised in connection with the fees incurred before the District Court. *Compare* (ECF No. 184 at 100-08) (Response to Motion for Appellate Attorneys' Fees), *with* (ECF No. 189) (Response to Motion for Attorneys' Fees).

As with the attorneys' fees incurred at the trial level, the undersigned finds that Defendants' objection to American Marine's appellate attorneys' fees fails procedurally and on the merits. Procedurally, Defendant has not complied with Local Rule 7.3's requirement to

describe with particularity any objectionable time entries. *See supra* Section II.B.1. On the merits, and based on an independent review of the litigation record, the billing records attached to this motion (ECF No. 184 at 57-65, 85), and drawing upon the Court's own knowledge and expertise, the undersigned finds that the hourly rates for counsel to American Marine and the time spent on the appellate proceedings are reasonable. Accordingly, American Marine should be awarded its requested appellate attorneys' fees without reduction.

### D. Motion to Tax Costs

#### 1. *Applicable Standard for Costs*

American Marine seeks $11,431.41 in costs pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920. (ECF No. 169 at 2, 4). Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see also Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002).

A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-CV-61514, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011). The items that may be taxed as costs under § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under § 1923 of this title; and (6) compensation of court appointed experts,

compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under §1828 of this title.  28 U.S.C. § 1920.

Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course" and "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (citations omitted).  Nonetheless, the prevailing party must submit a request for costs that allows the Court to determine what costs were incurred and whether the prevailing party is entitled to them. *Ferguson v. N. Broward Hosp. Dist.*, No. 10-CV-61606, 2011 WL 3583754, at *3 (S.D. Fla. Aug. 15, 2011) (citation omitted).  The Court has the discretion to award those costs specifically enumerated in § 1920, but the Court may not tax as costs any items not authorized by the statute.  *See, e.g., Crawford Fitting Co. v. J. T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987).  Additionally, pursuant to Local Rule 7.3, a bill of costs must include documentation showing the amount of costs and a supporting memorandum. S.D. Fla. L.R. 7.3(c).  Lastly, although the Court has discretion in determining whether to award costs to a prevailing party, the Court must give a reason for denying costs. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

2. *Costs Incurred by American Marine*

As the prevailing party, American Marine is entitled to costs against Defendants.  Here, American Marine seeks: (i) filing fees ($400); (ii) fees for service of summons ($215); (iii) fees for printed or electronically recorded transcripts ($9,677.74); (iv) fees and disbursements for printing ($471.87); (v) and other costs associated with the arrest of the Vessel ($666.80). (ECF No. 169-1 at 2) (Bill of Cost); *see also* (ECF No. 169) (brief detailing the costs).  Defendants' only objection is the costs of trial transcripts ($4,105), summarily arguing that costs incurred for

convenience or expediting of transcripts are not recoverable. *See generally* (ECF No. 172).[1] Nonetheless, for completeness, the Court will consider the appropriateness of American Marine's requested costs.

    a. *Filing Fees*

There is no dispute that American Marine is entitled to the filing fees associated with the commencement of this case. Accordingly, that amount ($400) should be awarded.

    b. *Fees for Service of Summons*

American Marine also seeks $215 in fees for service of summons. In relevant part, the Eleventh Circuit has held that private process fees may be recoverable pursuant to § 1920(1) if the fees do not exceed the rate charged by the U.S. Marshals Service. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The current rate charged by the U.S Marshals Service is "$65 per hour (or portion thereof) for each item served . . . plus travel costs and out of pocket expenses" 28 C.R.F. § 0.114(a)(3). Here, American Marine seeks service fees based upon: (i) service of the Complaint and Summons on Defendants World Yacht Group ($50); (ii) service of the non-party subpoena for records on Stuart Stevenson ($85); and (iii) unsuccessful attempted service of a non-party trial subpoena on Daniel Nelson ($80). Because American Marine did not explain why the higher rate should apply to service on the non-parties, the undersigned recommends that American Marine be awarded service costs at the current statutory rate of the U.S. Marshal, i.e., $65. Accordingly, American Marine should be awarded the slightly reduced amount of $180 for service fees ($50+65+65=$180).

---

[1] In its response to the separate Motion for Attorneys' Fees discussed above, Defendants filed further objections to the costs at issue in this motion. *See* (ECF No. 189 at 4-6). The undersigned finds that Defendants' objections are duplicative and untimely, and will not consider them in this report and recommendation.

   c. *Fees for Printed/Electronically Recorded Transcripts*

American Marine also seeks $9,677.74 in fees for printed or electronically recorded transcripts. As noted above, "[t]he question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition is wholly or partially 'necessarily obtained for use in the case.'" *W&O*, 213 F.3d at 620-21 (citation omitted). Here, in support of its request for costs incurred for deposition transcripts ($5,572.60), American Marine asserts that these costs include the depositions of the parties' corporate representatives: Fred Brunn ($698.10 for 1/7/2020 deposition, and $374.80 for 7/1/2020 continued deposition) and Gary Bonder ($230 for 11/14/2019 non-appearance, $2,515.15 for 12/23/2019 deposition, and $1,754.55 for 1/3/2020 continued deposition). (ECF Nos. 169 at 4, 169-1 at 22-28). This amount also includes costs for trial transcripts ($4,105.14). (ECF No. 169 at 4, 7). As to those costs, American Marine asserts that the transcript of the four-day bench trial was "heavily relied upon and cited to in preparation for the parties' post trial findings of fact and conclusions of law." (ECF No. 169 at 8-9). American Marine further asserts that the trial transcripts were needed an on expedited basis to meet the deadline for submission of findings of fact and conclusions of law and to address issues regarding sanctions that were decided at trial. (ECF No. 175 at 4). Based on this record, the undersigned finds that American Marine should be awarded its full costs for printed/electronically recorded transcripts, including deposition and trial transcripts.

   d. *Fees for Printing and Photocopying*

Next, American Marine seeks $471.87 for the costs of printing and photocopying. (ECF No. 169 at 4, 10). "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(4). The prevailing party cannot make unsubstantiated claims that copies of the documents

were necessary. *Alexsam, Inc. v. WildCard Sys., Inc.*, No. 15-CV-61736, 2019 WL 2245420, at *6 (S.D. Fla. Feb. 13, 2019), *report and recommendation adopted*, 2019 WL 1010241 (S.D. Fla. Mar. 4, 2019) (citation omitted); *Arnold v. Heritage Enters., LLC*, No. 13-CV-14447, 2017 WL 8794776, at *3 (S.D. Fla. Sept. 21, 2017), *report and recommendation adopted*, 2018 WL 1795446 (S.D. Fla. Jan. 11, 2018) (adopting reduction in amount claimed for exemplification and copies or failing to demonstrate that copies were necessary). Rather, the party moving for taxation of costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Georgia Dept. of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994); *Monelus*, 609 F. Supp. 2d at 1332-33. Here, the cost for printing includes 441 color prints and photographs depicting the Vessel and engines, for use in the case. (ECF No. 169 at 10). Based upon American Marine's representation regarding the use of printing/photographs, the undersigned finds that it should be awarded its full costs for printing/copying.

### e. Fees Associated with Arrest of Vessel

Lastly, American Marine seeks $666.80 in other fees associated with the arrest of the Vessel. (ECF Nos. 169 at 6, 169-1 at 2). U.S. Marshal fees for the arrest of the Vessel are recoverable under § 1920(1). *PNC Bank Ass'n v. M/Y Spirit of Ecstacy*, No. 12-CV-61298, 2012 U.S. Dist. LEXIS 201996, at *8 (S.D. Fla. Dec. 6, 2012) (awarding fees of U.S. Marshal for arrest of vessel). Accordingly, American Marine should be awarded all costs incurred with the arrest of the Vessel.

In sum, American Marine's Motion to Tax Costs should be granted in part and denied in part. The recommended award of costs is summarized in the chart below:

| COST ITEM | AMOUNT AWARDED |
|---|---|
| Fees of the Clerk | $400 |
| Fees for service of summons and subpoena | $180 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $9,677.74 |
| Fees and disbursements for printing | $471.87 |
| Other fees associated with arrest of the Vessel | $666.80 |
| TOTAL | $11,396.41 |

### E. Total Recommended Award

For ease of reference, the total recommended award is summarized in the chart below:

| DEFENDANT | BASIS FOR AWARD | AMOUNT AWARDED |
|---|---|---|
| Vessel | Prejudgment interest under Service Contract | $8,490.18 |
| World Group Yachting | Attorneys' Fees for District Court Proceedings | $130,243 |
| | Appellate Attorneys' Fees for Eleventh Circuit Proceedings | $51,860 |
| | Prejudgment Interest under the Service Contract | $34,439.04 |
| Defendants (jointly & severally) | Taxable Costs under FRCP 54 and 28 U.S.C. 1920 | $11,396.41 |
| | *Post judgment interest to accrue at .09% from the Date of Final Judgment (March 16, 2021) | |

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that:

1. Plaintiff's Motion to Tax Costs (ECF No. 169) be **GRANTED IN PART AND DENIED IN PART**. The Court should award costs, jointly and severally, against both Defendants, totaling $11,396.41;

2. Plaintiff's Motion for Attorneys' Fees, Pre and Post Judgment Interest (ECF No. 176) be **GRANTED**. The Court should award (i) $130,243 in attorneys' fees against World Group Yachting; (ii) $34,439.04 in prejudgment interest against World Group Yachting;

18

(iii) $8,490.18 in prejudgment interest against the Vessel; and (iv) post judgment interest against both Defendants, jointly and severally, accruing at .09% from March 16, 2021, the date of the Final Judgment;

3. Plaintiff Motion for Appellate Attorneys' Fees (ECF Nos. 184, 185) be **GRANTED**. The Court should award $51,860 in appellate attorneys' fees against World Group Yachting;

4. The Court should enter a Supplemental Final Judgment in favor of Plaintiff American Marine and against Defendants M/Y ALCHEMIST and World Group Yachting in the amounts recommended above.

Within **seven (7) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida on September 9, 2022.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
    All counsel of record