UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-60636-SINGHAL/VALLE

AMERICAN MARINE TECH., INC.,

    Plaintiff,

v.

M/Y ALCHEMIST, a 1995 105' Mangusta recreational vessel, her boats, engines, generators, tackle, rigging, apparel, furniture, furnishings, equipment, contents and appurtenances, etc., in rem; and WORLD GROUP YACHTING, INC., in personam,

    Defendants,

and

WELLS FARGO BANK, N.A.,

    Garnishee.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff/Counter-Defendant American Marine Tech., Inc.'s Motion for Default Final Judgment in Garnishment as to Garnishee Wells Fargo Bank, N.A. (ECF No. 208) (the "Motion"). United States District Judge Raag Singhal has referred the matter to the undersigned for appropriate disposition. (ECF No. 217). Having reviewed the Motion, and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **GRANTED** for the reasons discussed below.

### I. BACKGROUND

On October 28, 2022, the District Court issued a Final Judgment against American Marine Tech., Inc. ("Defendant/Judgment Debtor") and M/Y Alchemist for Attorneys' Fees, Pre- and Post-Judgment Interest, and Costs in the total aggregate of $299,550.085. *See generally* (ECF

No. 195); *see also* (ECF No. 208 at 2). According to Plaintiff, $208,051.86 remains outstanding. (ECF No. 208 at 2). In November 2022, Plaintiff moved for a writ of garnishment against Wells Fargo Bank, N.A. ("Wells Fargo"), believing that Wells Fargo possessed and controlled tangible property belonging to Defendant/Judgment Debtor. *See generally* (ECF No. 200).

On November 15, 2022, the Clerk of Court issued the writ of garnishment on Wells Fargo (ECF No. 201). On November 28, 2022, Wells Fargo filed its Answer to the writ, disclosing that at the time of service of the writ of garnishment, Wells Fargo was indebted to Defendant/Judgment Debtor in the amount of $7,847.89. (ECF No. 205 at 2). On the same day, pursuant to Fla. Stat. § 77.055, Plaintiff gave notice to Defendant/Judgment Debtor of Wells Fargo's Answer. *See generally* (ECF No. 206). The notice advised Defendant/Judgment Debtor that it must move to dissolve the writ of garnishment within 20 days after the date of service. *Id.* at 1. To date, however, Defendant/Judgment Debtor has not responded to the writ of garnishment or Answer.

## II.     DISCUSSION

Collection of money judgments in federal court is governed by state law. *See* Fed. R. Civ. P. 69; *see also Orso as Tr. to Bell v. Josetti*, No. 21-MC-60202, 2022 WL 2916856, at *1 (S.D. Fla. July 11, 2022), *report and recommendation adopted*, 2022 WL 2915865 (S.D. Fla. July 25, 2022); *Orso as Tr. to Bell v. Rovenger*, No. 21-MC-8-JSM-PRL, 2021 WL 5310971, at *1 (M.D. Fla. Oct. 28, 2021). Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment. *Rovenger*, 2021 WL 5310931, at *1. Florida law requires garnishment statutes to be strictly construed. *Allen v. Robert F. DeLuca, M.D., P.A.*, No. 18-CV-81265, 2020 WL 1832323, at *2 (S.D. Fla. Mar. 25, 2020), *report and recommendation adopted*, 2020 WL 1828510 (S.D. Fla. Apr. 13, 2020) (citation omitted).

Wells Fargo's Answer to the writ lists the amount it held on behalf of Defendant/Judgment Debtor between service of the writ of garnishment and Wells Fargo's Answer. *See generally*

(ECF No. 205). Because Defendant/Judgment Debtor has not moved to dissolve the writ of garnishment, Plaintiff requests entry of a final judgment of garnishment against Wells Fargo in the amount of $7,847.89. (ECF No. 208 at 3). Defendant/Judgment Debtor has not responded, objected, or moved to dissolve the writ within the 20 days allowed by § 77.055.[1] Thus, Plaintiff has met the statutory requirements for a judgment of garnishment.

### III.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Motion for Default Final Judgment in Garnishment as to Garnishee Wells Fargo Bank, N.A. (ECF No. 208) be **GRANTED**.

Within **14 days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on May 26, 2023.

*Alicia O. Valle*
ALICIA O. VALLE
UNITED STAGES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
    All Counsel of Record

---

[1] Fla. Stat. § 77.055 provides, in relevant part, that within five days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue.